UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 08-CR-20064 |
| ) | |
| **ROBERT P. GEEKIE, JR.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on the Motions for a Bill of Particulars, for Rule 16 Discovery, for Production of Brady/Giglio Materials, to Require Notice of Intent to Use "Other Crimes" Evidence, and for Rule 16 Disclosure of Expert Witness Testimony (#11, #12, #13, #14, and #15) filed by Defendant Robert P. Geekie, Jr.  This court has carefully reviewed Defendant's Motions and the Government's thorough and well-supported Response (#16). Following this careful and thorough review, Defendants' Motion for a Bill of Particulars (#11) is DENIED and the remaining discovery motions (#12, #13, #14, and #15) are deemed MOOT based on the government's Response (#16).

## ANALYSIS

On December 2, 2008, Defendant was charged in a 13-page Indictment (#1) with 15 counts relating to the sale of stolen motor vehicles.  The indictment provided a fairly detailed factual account regarding the manner in which these violations occurred.

On March 25, 2009, Defendant Geekie filed a Motion for a Bill of Particulars (#11) with supporting authority.  On April 17, 2009, the Government filed it Response (#16), that addressed the Bill of Particulars and the other discovery motions (#12-15) filed by Defendant.

The Government's Response is detailed, thorough, well-written, and includes citations to pertinent authority. For all of the reasons stated by the Government, this court agrees that Defendants are not entitled to a bill of particulars in this case.

Federal Rule of Criminal Procedure 7(f) provides that the court may direct the Government to file a "bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is "a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). "The choice to grant or deny such a motion is committed to the discretion of the trial court, and a decision denying a bill of particulars will be reversed only if it can be shown that the trial court abused its discretion in doing so." United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003). To determine the necessity of a bill of particulars, a court looks at whether the Government's indictment "sufficiently apprises the defendant of the charges to enable him to prepare for trial." Canino, 949 F.2d at 949; see also Fassnacht, 332 F.3d at 446-47. "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." Fassnacht, 332 F.3d at 446.

In the context of the necessity of a bill of particulars, the Seventh Circuit has stated that a defendant is "only entitled to know the offense with which he is charged, not all the details of how it will be proved." United States v. Richardson, 130 F.3d 765, 776 (7th Cir. 1997), vacated on other grounds, 526 U.S. 813 (1999). Further, "[i]t is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses . . . or evidentiary detail." United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); see also United States v. Kendall, 665 F.2d 126, 134-35 (7th Cir. 1981). In addition, a bill of particulars is not required when the information a defendant needs to

prepare his defense is available through "some other satisfactory form," such as discovery. United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003), quoting Canino, 949 F.2d at 949.

This court concludes that the 13-page Indictment filed in this case is clearly adequate to apprise Defendants of the charges against them so that they can prepare for trial. Moreover, the Government has stated that it has provided discovery to Defendant. Accordingly, this court agrees with the Government that Defendant's Motion for a Bill of Particulars (#11) must be DENIED.

Other Discovery Motions

Defendant also filed four discovery motions requesting: Rule 16 Discovery (#12), production of Brady/Giglio materials (#13), notice of intent to use "other crimes" evidence (#14), and Rule 16 disclosure of expert witness testimony (#15).

The government in its Response (#16) responded to each motion, stating as to each: (1) Rule 16 Discovery: it has provided 353 pages of discovery pursuant to Rule 16, which included the time, date, and place of almost all of the 15 counts alleged in the indictment (a letter to Defendant dated January 29, 2009, and attached to the Response (#16) as Exhibit A supported this contention) and has gone beyond the requirements of Rule 16 and provided Defendant with numerous written reports of government witnesses and their relevant statements; (2) Rule 16 Disclosure of Witness Testimony: the government has not identified any testimony it intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence, but does anticipate that it may identify such testimony once the computer analysis of the defendant's computers is completed and once a handwriting analysis of certain documents is conducted and completed and intends to fully comply with the dictates of Rule 16 as well as the applicable local rule once it identifies any such expert testimony; (3) Production of Brady/Giglio Materials: the government is aware of its obligations under Brady

v. Maryland, 373 U.S. 83 (1963) and has been and will continue to provide materially exculpatory evidence within its knowledge and control to Defendant; the government is also aware of its duty under Giglio v. United States, 405 U.S. 150 (1972) to provide Defendant with all impeachment evidence regarding the witnesses the government intends to call at trial, however, no trial date has been set and the government has not identified the witnesses it intends to call at trial, but once a trial date is set and the government has identified its witnesses it will provide any and all Giglio information to Defendant; (4) Motion to Require Notice of Intent to Use "Other Crimes" Evidence: in its initial discovery provided to Defendant on January 29, 2009, the government gave Defendant notice of his sale of a stolen motor vehicle with a counterfeited title in numbered pages 120 to 143, which tends to show Defendant's knowledge of the sale of stolen vehicles as well as counterfeited titles and the government further intends to disclose any additional such evidence to Defendant prior to trial.

The court is satisfied with and agrees with the government's Response. As the government has been providing Defendant with discovery and complying with the discovery order and rules, and intends to continue doing so, the court finds Defendant's discovery motions (#12-15) MOOT.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for a Bill of Particulars (#11) is DENIED.

(2) Defendant's Motions for Rule 16 Discovery, for Production of Brady/Giglio Materials, to Require Notice of Intent to Use "Other Crimes" Evidence, and for Rule 16 Disclosure of Expert Witness Testimony (#12, #13, #14, and #15) are hereby dismissed as MOOT.

(3) This case remains scheduled for a status conference/motion hearing on June 24, 2009, at 9:30 AM in Courtroom A in Urbana.

ENTERED this 19th day of June, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE