UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CR-20064 |
| ) | |
| ROBERT P. GEEKIE, JR., ) | |
| ) | |
| Defendants. ) | |

## OPINION

This case is before the court for ruling on Defendant's Motion for Return of Property (#18) and the government's Amended Motion for Handwriting Exemplars (#26). For the following reasons, Defendant's Motion for Return of Property (#18) is DENIED and the government's Motion for Handwriting Exemplars (#26) is GRANTED.

MOTION FOR RETURN OF PROPERTY

Defendant filed his Motion for Return of Property (#18) on May 22, 2009. In the motion, Defendant asks for the court to enter an order for the return of all items seized by the government on November 24, 2008, pursuant to a search warrant executed in Bourbonais, Illinois. Defendant bases his motion on Federal Rules of Criminal Procedure 41(g) and 16(E). Defendant claims the items seized are material to preparing his defense and that he is aggrieved by the deprivation of said property. He argues that the property is necessary to the investigation of the case and the presentation of a defense.

The government filed its Response (#24) on July 15, 2009. In its Response, the government states that on January 29, 2009, it provided Defendant with the search warrant return inventory and noted that Defendant could copy, inspect, or photograph those items at the office

of the United States Attorney upon reasonable notice pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. During a status hearing on June 24, 2009, the government noted that it had resolved the matter with defense counsel by maintaining its offer to allow defense counsel and Defendant to inspect, review, and copy the seized items. The government argues that Rule 16(E) does not allow for the return of the seized property, but merely for Defendant to inspect, copy, or photograph and that but for Defendant's request for a new counsel, Defendant would have already had the opportunity to inspect the items. Further, the government's offer to allow Defendant to inspect, copy, or photograph the seized items remains open.

As to the Rule 41(g) request for return of property, the government notes that Defendant alleges he is aggrieved by the deprivation of his property. The government argues that Defendant's allegations are conclusory and do not explain or specify why the inspection and copying of the seized items is insufficient and the return of the items is necessary for his defense. The government argues that since the prosecution is ongoing, it is reasonable for the government to retain the seized items and that Defendant's motion should be denied.

Rule 16(E) of the Federal Rules of Criminal Procedure states:

> "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control, and:
>
> (i)     the items is material to preparing the defense;
>
> (ii)    the government intends to use the item in its case-in-chief;
>
> (iii)   the item was obtained from or belongs to the defendant." Fed. R.

Crim. P. 16(E).

Rule 41(g) of the Federal Rules of Criminal Procedure states:

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g).

If the government has allowed a Defendant access to seized business records, a district court may properly deny a motion for return of property pursuant to Rule 41(g). In re Search of 2847 East Higgins Road, Elk Grove Village, Illinois, 390 F.3d 964, 968 (7th Cir. 2004). Here, the government has offered Defendant and his counsel access to seized items for inspection and to help prepare a defense. Further, Defendant has not articulated or specified why he needs the property back and why the ability to inspect, copy, or photograph the seized items would be insufficient. Therefore, Defendant's Motion for Return of Property (#18) is DENIED.

AMENDED MOTION TO REQUIRE DEFENDANT TO FURNISH HANDWRITING EXEMPLARS

On June 23, 2009, the government filed a Motion to Compel Defendant to Furnish Handwriting Exemplars (#21). On June 24, 2009, during a status hearing, the court noted that Defendant had written a multipage handwritten letter to the court, which the court then provided a copy of to the government. The court then directed the government to file an amended motion

explaining whether it was still requesting handwriting exemplars from the defendant in light of the handwritten letter.

On July 15, 2009, the government filed an Amended Motion to Require the Defendant to Furnish Handwriting Exemplars (#26).  In the motion, the government notes that, according to multiple alleged victims in the case, Defendant provided the victims with certain documents that contained handwriting and purported signatures.  The government wants the exemplars to allow an expert witness to compare the handwriting on those documents with Defendant's known handwriting, and thus the exemplars are highly relevant to the issue of identity at trial.  Defendant has not been willing, in the past, to voluntarily provide the government with the handwriting exemplars.  The government believes that the exemplars are still necessary in spite of the court providing them with Defendant's handwritten court letter, because, according to the United States Secret Service Forensic Division, Questioned Document Branch, to effectively conduct a handwriting examination it needs handwriting exemplars that are the same as those present on the questioned document.  Therefore, despite the handwritten letter from Defendant, the government still needs exemplars from Defendant where he provides repeated natural handwriting in the same wording and style of the questioned signatures.

Compulsion of handwriting exemplars is neither a search or seizure subject to Fourth Amendment protections, nor testimonial evidence protected by the Fifth Amendment privilege against self-incrimination.  United States v. Euge, 444 U.S. 707, 718 (1980).  Thus, a defendant has no constitutional right to refuse to provide handwriting exemplars.  The government has argued that handwriting exemplars are highly relevant to the issue of identity in this case.  Therefore, Defendant is ordered to provide handwriting exemplars to the government in the

wording, style, and amount as required by the United States Secret Service, Forensic Service Division, Questioned Document Branch. The government's Amended Motion to Require Defendant to Furnish Handwriting Exemplars (#26) is GRANTED.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Return of Property (#18) is DENIED.

(2) The government's Amended Motion to Require the Defendant to Furnish Handwriting Exemplars (#26) is GRANTED. Defendant is ordered to provide handwriting exemplars to the government in the wording, style, and amount as required by the United States Secret Service, Forensic Service Division, Questioned Document Branch. The government's original Motion to Compel Defendant to Furnish Handwriting Exemplars (#21) is MOOT, as it was superseded by the government's Amended Motion (#26).

(3) This case remains set for a hearing on Defendant's Pro Se Motion for New Counsel (#20) and defense counsel Karl Bryning's Motion to Withdraw as Attorney (#23) on Thursday, August 6, 2009, at 2:30 p.m. in Courtroom B.

ENTERED this 4th day of August, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE